UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **KACEM RAGHIB** <br> **A# 028-907-787** | **CIVIL ACTION NO. 2:11-cv-932** |
| | **SECTION P** |
| **VERSUS** | |
| | **JUDGE TRIMBLE** |
| **ERIC H. HOLDER, ET AL** | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Currently before the court is a petition for writ of *habeas corpus* filed by *pro se* petitioner, Kacem Raghib, on June 20, 2011, pursuant to 28 U.S.C. § 2241. Petitioner is in the custody of the Department of Homeland Security/Immigration Customs Enforcement (DHS/ICE) and is detained at the Oakdale Detention Center, Oakdale, Louisiana.

This matter has been referred to the undersigned magistrate ju1dge for review, report, and recommendation in accordance with 28 U.S.C. §636(b)(1)(B).

*Background*

Petitioner states that he is a native and citizen of Venezuela. He reports that he has been under a final order of removal since January 4, 2011; however, he notes that he was not taken into ICE custody until March 27, 2011.

Petitioner challenges his post-removal-order custody as indefinite. In support of this assertion, he states that he has fully complied with the respondent's requests in his removal proceedings and he seeks a writ of habeas corpus to procure his release from custody. In support, petitioner relies on *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001), which requires an immigration detainee's release under certain circumstances, after the expiration

of a presumptively reasonable six-month period of detention, where there is no prospect of removal in the foreseeable future.

After considering all of the pleadings and the applicable law, the Court concludes that the petition must be dismissed for reasons set forth below.

## *Discussion*

By statute, the Attorney General has ninety days to effect an alien's departure from the United States once the "removal period" is triggered. 8 U.S.C. § 1231; *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir.2006), cert. denied, --- U.S. ----, 127 S.Ct. 973, 166 L.Ed.2d 739 (2007). Aliens may be detained during the ninety-day removal period. 8 U.S.C. § 1231(a)(2). An alien may be detained beyond this period under certain circumstances. For example, if an alien fails or refuses to cooperate with ICE in obtaining a travel document to effect his removal, or takes other actions to prevent his removal, the removal period is suspended or tolled, and his continued detention is authorized. 8 U.S.C. § 1231(a)(1)(C); see *Balogun v. INS*, 9 F.3d 347, 351 (5th Cir.1993).

After the removal period expires, however, an alien may be released under conditions prescribed by the Attorney General. 8 U.S.C. § 1231(a) (3). Aliens slated for removal who pose a risk to the community or are unlikely to comply with the removal order may be detained beyond the removal period for a time necessary to bring about their removal from the United States under 8 U.S.C. § 1231(a)(6).

In *Zadvydas*, the Supreme Court held that the United States Constitution does not permit indefinite detention lasting beyond six months past the ninety-day removal period. After the expiration of six months, an alien may seek his release from custody by demonstrating a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable

future. Once this has been shown, the government must produce sufficient evidence to rebut that showing. Release is not automatic after the expiration of the six-month period as, under *Zadvydas*, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

In this case, it appears from the pleadings that the ninety-day removal period was triggered on March 27, 2011, when petitioner was taken into the custody of immigration officials. See 8 U.S.C. § 1231(a)(1)(B)(iii). The removal period apparently expired ninety days later on or about June 27, 2011. The petition was filed on June 20, 2011. Thus, when he filed his *habeas* petition, he had not been detained beyond the ninety-day removal period nor the presumptive six-month period. At the present time, the presumptive six-month period still has not expired, said date being on or about September 27, 2011. Therefore, petitioner does not show that he has been in custody more than six months past the expiration of the ninety-day removal period. Because he has not been in custody for more than six months past the expiration of the removal period, his petition does not state a claim for relief. See, *Okpuju v. Ridge*, 115 Fed. App'x 302, 2004 WL 2943629 (5th Cir.2004) (noting that the petitioner's claim regarding his continued detention was premature because the petitioner had not yet been in custody longer than the "presumptively reasonable six-month post-removal order period" set forth in *Zadvydas*. See also, *Kujoe Bonsafo Agyei-Kodie v. Eric Holder, Et Al.*, 2011 WL 891071 (5th Cir. (Tex.) 2011).

*Conclusion*

Based on the foregoing, the court finds that petitioner's challenge to his detention is premature and should be dismissed without prejudice.

Accordingly,

**IT IS RECOMMENDED** that the petition be **DENIED and DISMISSED WITHOUT**

**PREJUDICE** as premature.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have fourteen (14) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE this 5th day of August, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE